Carlos REYES, on his own behalf and others similarly situated, Plaintiff,

v.

HOLLYWOOD WOODWORK, INC. and Yves Desmarais, Defendants.

No. 04–61071CIV–COHN.

United States District Court, S.D. Florida.

Feb. 28, 2005.

Greg Shavitz, Esquire, Shavitz Law Group, Inc., Boca Raton, Counsel for Plaintiff.

Richard D. Tuschman, Esquire, Epstein, Becker & Green, P.C., Miami, Counsel for Defendant.

## *ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ORDER DENYING MOTION TO STRIKE DECLARATION*

COHN, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion for Summary Judgment [DE 17] and Plaintiff's Motion to Strike the Supplemental Declaration of Gerald Alessi [DE 32]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

## I. BACKGROUND

On August 13, 2004, Carlos Reyes ("Plaintiff" or "Reyes") filed this action against his former employer, Hollywood Woodwork, inc., and its President, Yves Desmarais (collectively "Defendants"), for failure to pay overtime compensation in violations of the Fair Labor Standards Act ("FLSA").[1] Defendants are in the business of manufacturing architectural woodwork products for the hospitality industry and certain public projects such as courthouses and performing arts centers. These projects ranged in cost from $10,000 to $10,000,000. Deposition of Carlos Reyes at 25 [DE 21]; Deposition of Gerald Alessi [DE 28]. Plaintiff was employed as an Estimator, preparing Defendants' competitive bids for these projects. In general, Plaintiff's office job was to review a given set of architectural drawings and estimate the costs for the various wood materials and labor that would accomplish building and installing the particular woodwork contemplated by the plans at a competitive price. Reyes Deposition at 92 et. seq, 138–152 (examples); Alessi Deposition at 7, 17, 21 [DE 28]. Plaintiff used a standard industry reference text published by the American Woodworking Institute ("AWI") to research the costs of labor. Reyes Deposition at 113–114, 122. Different estimators could reach results that differ by up to 20%, based upon the different methodologies or manner or equipment used to create the product. *Id.* at 149–153. Plaintiff would consult with either the Chief Estimator or a co-worker before finalizing his numbers for a particular project. *Id.* at 169. After the estimator completes his work, it is reviewed by the Chief Estimator and the Vice President of Sales and Estimating. Alessi Deposition at 55–56, 61, 65–66. Although this review may only entail review of "obvious flaws," the Vice President of Sales has the "responsibility for the final price no matter where it came from."[2] *Id.* at 55–56, 61, 66. Hollywood Woodwork would then submit the bid initially prepared by Plaintiff in the hope of obtaining production work. Plaintiff received an annual salary of approximately $55,000–56,000, and worked on average 45 hours per week.[3] Reyes Deposition at 50, 66; Alessi Deposition at 79–80.

---

1. Although filed as a proposed collective action on behalf of other similarly situated employees, no other employees ever opted into this action, and Plaintiff never moved the Court to notify such potential similarly situated employees. The time for making such a motion or to opt-in has long since passed.

2. The Vice President of Sales would factor in market conditions, in-house workload conditions, and customer relations in determining the final price. Alessi Deposition at 66.

3. Plaintiff's testimony indicates that the 45 hour figure includes lunch time. Reyes Deposition at 50. The Court notes that Defendants have not moved for summary judgment on the issue of whether Plaintiff actually worked overtime, and even if they had, there are clearly factual disputes regarding whether Plaintiff worked overtime, as testimony indicates that the 45 hour figure reflects a typical week. Some weeks Plaintiff testified that he worked weekends as well. *Id.* at 39.

In defense of Plaintiff's FLSA claim for unpaid overtime, Defendants allege that Plaintiff is covered by the "administrative" exemption to the FLSA overtime pay requirements. On December 22, 2004, Defendants moved for summary judgment on this issue. On January 25, 2005. Plaintiff filed his opposition to the motion [DE 25].[4] After Defendants filed their reply on February 3, 2005 [DE 31], Plaintiff moved to strike the supplemental declaration of Gerald Alessi, filed along with Defendant's reply memorandum. The motion to strike became ripe on February 18, 2005.[5]

## II. DISCUSSION

### A. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and any doubts in this regard should be resolved against the moving party. *Adickes v. S.H.*

*Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). According to the plain language of Fed. R.Civ.P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson,* 477 U.S. at 257, 106 S.Ct. 2505. "A mere 'scintilla' of evidence

---

4. Near the end of his opposition to Defendant's motion, Plaintiff asserts that summary judgment on liability should be entered in *Plaintiff's* favor, as there appears no dispute that Plaintiff did work overtime. However, a separate cross-motion (or a combined response and cross-motion) was never formally filed in this case.

5. Plaintiff asserts that the supplemental declaration raises a new issue not previously raised

by the Defendant in its motion and initial declaration. Upon consideration of the motion to strike, the response and the reply, the Court concludes that the material in the twenty (20) line supplemental declaration of Gerald Alessi is simply rebuttal to the Plaintiff's opposition to the motion for summary judgment, and does not raise new issues. Nonetheless, the Court did not rely upon any statement presented in the supplemental declaration.

supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202.

### B. Administrative Exemption under the FLSA

 The FLSA provides exemptions for bona fide executive, administrative or professional employees. 29 U.S.C. § 213(a)(1). Defendants argue that Plaintiff is an administrative employee.[6] Pursuant to 29 C.F.R. § 541.2, the exemption applies if: 1) the employee's primary duty consists of either the performance of office or non-manual work directly related to management policies or general business operations of the employer or the employer's customers; 2) the work requires the exercise of discretion and independent judgment; 3) the employee is under only general supervision, has a certain salary, and does not devote 40% of his time to work not directly related to his primary duties. 29 C.F.R. § 541.2; *Hogan v. Allstate Insurance Co.*, 361 F.3d 621, 625–26 (11th Cir.2004). In this case, the issues in dispute are whether Plaintiff's estimating work is directly related to general business operations and whether Plaintiff regularly exercises discretion and independent judgment. The employer carries the burden of proving the exemption, and the overtime provisions are to be narrowly construed against the employer. *Hogan*, 361 F.3d at 625.

### 1. Directly Related to Management Policies or General Business Operations

The Department of Labor ("DOL") regulations further define the relevant phrase:

The phrase "directly related to management policies or general business operations of his employer or his employer's customers" describes those types of activities relating to the administrative operations of a business as distinguished from "production" or, in a retail or service establishment, "sales" work. In addition to describing the types of activities, the phrase limits the exemption to persons who perform work of substantial importance to the management or operation of the business of his employer or his employer's customers.

29 C.F.R. § 541.201(a).

 In this case, Defendants are in the business of selling and producing architectural woodwork. Plaintiff's job is to prepare bids that are necessary for Defendants to sell and/or produce their product. Defendants' business is generally done by way of obtaining bids on private or public projects from general contractors or developers. Plaintiff has attempted to argue that he "produces" a bid that is used to "sell" the products. However, Plaintiff does not participate in any traditional "sales" activity. While Plaintiff may have contact with contractors/developers, such contact is in the nature of Plaintiff obtaining more details of the project in order for Plaintiff to complete preparation of Defendants' bid.

The DOL regulations state that administrative operations include " 'servicing' a business as, for example, advising management, planning, negotiating, representing

---

**6.** The employer has the burden of establishing by a preponderance of the evidence that it is entitled to the benefit of an exemption under section 213(a)(1). *Dybach*, 942 F.2d at 1566, n. 5.

the company, purchasing, promoting sales and business research and control." 29 C.F.R. § 541.201(b). Plaintiff, citing a number of cases from outside the Eleventh Circuit, argues that Plaintiff did none of these duties. Defendants assert simply that its business is selling and producing woodwork, while Plaintiff's activities were limited to preparing bids which promoted and planned sales. Defendants rely on two district court cases from outside the Eleventh Circuit which are directly on point with the facts of this case.

In *Walsh v. Brad Foote Gear Works, Inc.*, 1959 WL 17380, 14 Wage & Hour Cas. (BNA) 165 (N.D.Ill.1959), an estimator for a gear company who prepared estimates using similar procedures in assembling the relevant data as Plaintiff was considered exempt by the court on summary judgment. Although Plaintiff characterizes the opinion as short and essentially only one-page in length, the court did sufficiently analyze the relevant issues (see discussion below regarding use of discretion and independent judgment.) Similarly, in *Wells v. Radio Corporation of America*, 77 F.Supp. 964, 971 (S.D.N.Y.1948), after a bench trial, the Court concluded that cost estimators with similar duties to Plaintiff were properly classified as exempt as administrative employees. Though these cases are 35 and 45 years old, they are directly on point.

The Court concludes that although "the inquiry into exempt status under [the FLSA] remains intensely factbound and case specific," *Dalheim v. KDFW–TV*, 918 F.2d 1220, 1226 (5th Cir.1990), there are no facts in dispute as to whether Plaintiff's duties are directly related to general business operations. Thus, the Court concludes, as a matter of law, that the preparation of the bids is not sales or production work, but rather is an important part of general business operations necessary for the Defendants to obtain production work and sell their products.

### 2. Exercise of Discretion and Independent Judgment

The other disputed factor in determination of the administrative exemption is the exercise of discretion and independent judgment. The DOL regulations state that:

> In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered. The term as used in the regulations in Subpart A of this part, more over, implies that the person has the authority or power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance.

29 C.F.R. § 541.202(a).

■ Plaintiff argues that he merely applies his skill and expertise to implement procedures and standards set by higher management, but does not exercise discretion to make significant decisions. *See* 29 C.F.R. § 541.202(c). Defendants counter that Plaintiff does exercise discretion and judgment in preparing bids. Plaintiff asserts that there is a factual dispute regarding the level of review of Plaintiff's work. Plaintiff testified that all of his work is reviewed by the Chief Estimator. The testimony of corporate representative Gerald Alessi, former Chief Estimator and now Vice President of Sales and Estimating, was that the work was checked for "obvious flaws," but that time did not permit complete review of all the work. *See supra.*

The Court concludes that there is no genuine issue of disputed fact. Plaintiff testified that he does not know the amount of review that his superiors performed. Reyes Deposition at 169. Thus, Alessi's

deposition testimony (putting aside his declarations) is the only evidence of the level of review. According to the DOL's regulations, the fact that Defendants' management was responsible for the bottom line of the bid, does not mean that Plaintiff did not exercise discretion and independent judgment. In 29 C.F.R. § 541.202(c), the term "does not necessarily imply that the decisions made by the employee must have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action." In the present case, there is no dispute in the record that Plaintiff's bid estimates were recommendations that while subject to some review, were recommendations for action.

In addition, these recommendations, when in the form of final bids, financially committed Defendants. The DOL regulations, 29 C.F.R. § 202(c), states that discretion and independent judgment applies "to the kinds of decisions normally made by persons... who exercise authority within a wide range to commit their employer in substantial respects financially." It is true that the range of Plaintiff's authority is not as "wide" as his superiors. However, apparently this range can be up to 20%. Reyes Deposition at 114–115, 122–124.

Plaintiff's strongest argument in opposition to the motion for summary judgment is that he merely uses his skill and knowledge "in following prescribed procedures or determining which procedure to follow" in completing his estimates. 29 C.F.R. § 541.202(c). Use of such skill and knowledge must be distinguished from the exercise of discretion and independent judgment. *Id.* The Court concludes that Plaintiff does more than merely determine a procedure to follow. Rather, Plaintiff utilizes his judgment in selecting which fabrication method to use to compute the labor cost part of the bid.[7] Reyes Deposition at 118–127. This critical selection accounts for differences in result up to 20% by two different estimators who could reach different conclusions without either making any errors. Plaintiff is not simply picking numbers from a book and plugging them into a computer program. Cf. *Robinson–Smith v. Government Employees Ins. Co.*, 323 F.Supp.2d 12, 24–25 (D.D.C.2004). Moreover, Plaintiff has failed to distinguish the two district court cases directly on point with the facts of this case, where the courts found estimators to exercise discretion and independent judgment, and did not merely follow prescribed procedures. *Walsh*, 14 Wage & Hour Cas. 165; *Wells*, 77 F.Supp. at 971.[8]

Finally, Plaintiff makes these decisions free from "immediate" supervision. See 29 C.F.R. § 541.202(a). While Plaintiff has general supervision, it is clear from the record that Plaintiff's day to day work is not supervised. Plaintiff must complete his tasks, but how Plaintiff completes his tasks is left up to Plaintiff.

### III. CONCLUSION

The Court concludes that there are no genuine issues as to any material fact re-

---

**7.** In evaluating what possible fabrication methods to be used, in some instances Plaintiff exercised some discretion as to how much and what kind of materials should be used in fabrication. Reyes Deposition at 112, 116.

**8.** Again, the Court recognizes that computerization over time can change a job from ex-

empt to non-exempt by eliminating the use of discretion. *Robinson–Smith*, 323 F.Supp.2d at 25. However, the facts in this case mirror the facts in *Walsh* and *Wells*, despite the passage of time, and the fact that Plaintiff uses a computer rather than pencil and paper.

garding application of the administrative exemption to the FLSA. Defendants have met their burden to show that Plaintiff works in an office, receives a salary over the threshold amount, has primary duties directly related to general business operations, and exercises discretion and independent judgment in performing those duties.

Accordingly it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Summary Judgment [DE 17] is hereby **GRANTED**;

2. Plaintiff's Motion to Strike the Supplemental Declaration of Gerald Alessi [DE 32] is hereby **DENIED**;

3. The Court shall separately enter a final summary judgment in favor of Defendants.